UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

AARON JACKSON,

           Plaintiff,                    Case No. 1:14-cv-741

v.                                          Honorable Janet T. Neff

DANIEL H. HEYNS et al.,

           Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous or for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Richard A. Handlon Correctional Facility (MTU). In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Daniel Heyns, MTU Warden Dage Burton and MDOC Mental Health Director M. Davis.[1]

Plaintiff alleges that Defendants Heyns and Burton (verbatim):

> [H]ave a device mechanism that work some organism of some kind in my body from eating food that works as an apparatus that control my hold bodly function. It can make me walk, fall down hard, make my eyes water. It can make my hold body move in a way that I cannot fully express in words for you to fully understand where I'm coming from. It can stop blood flow in my arteries. Mental Health have something to do with it by giving me medication and something in the meds othering what it is.

(Compl., docket #1, Page ID#8.) He similarly claims that Defendants Heyns and Burton let mental health put some live organism in his food which affects his muscle fibers and causes pain in his muscles. (Compl., Page ID #9.) Plaintiff further claims that "they have some find of mechanism device that make[s] pain in my muscle and feet." (*Id.*)

Plaintiff also contends that Defendants Heyns and Burton are responsible for Plaintiff receiving food containing a "hot substance" that went into his arteries and for placing a "live wire" on Plaintiff's body. He alleges in part (verbatim):

> I remember when Officer Macomb gave me food in a holding cell by the office, and the food had a hot substance to go in your arteries and blood line once you eat the food. That happened in the morning at lunch time. Then once in the afternoon officers came to work I didn't eat and there was these foreign-born resident who put a live wire on my body that made my body get tremendously hot. My arteries got real hot that the degrees fahrenheit was up there. And degrees was so hot I had to put cold water on my body. I had put cold water on my body and the water diffused

---

[1] The instant action is one of five filed in this Court by Plaintiff between June 4 and July 17, 2014. *See Jackson v. Heyns et al.*, No. 1:14-cv-600 (W.D. Mich.); *Jackson v. Heyns et al.*, No. 1:14-cv-645 (W.D. Mich.); *Jackson v. Heyns et al.*, No. 1:14-cv-741 (W.D. Mich.); *Jackson v. Snyder*, No. 1:14-cv-753 (W.D. Mich.); *Jackson v. Heyns et al.*, No. 1:14-cv-780 (W.D. Mich.).

>as vapor away in the air as I holler in a crying shout until my body cold or cooling down in temperature. Words cannot tell the pain and hot temperature my body went through.

(Compl., Page ID #15.)

Plaintiff also claims that Defendants are denying his right of access to the courts by making him wait too long to get copies, to get his papers notarized and to mail his pleadings to the courts. With regard to legal copies, Plaintiff contends that Defendants are making the Legal Writer wait 24 hours to get copies in the law library. Plaintiff further claims that his outgoing legal mail to his attorney was opened and/or withheld. Finally, Plaintiff claims that Defendants are retaliating against him for filing lawsuits. Additional facts will be provided below as necessary to resolve Plaintiff's claims.

Plaintiff seeks monetary damages and to have his body examined by a doctor and scientist.

## Discussion

### I.     Frivolous Claims

A claim may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's claims that Defendants have a "device mechanism" that puts an organism in his body that prevents him from eating food and causes pain in his muscle fibers lacks a rational basis in fact. Likewise, Plaintiff's claims regarding the "hot substance" in his food and the placement of a "live wire" on his body are wholly incredible. Accordingly, the Court will dismiss those claims as frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

- 5 -

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

> A.   **Defendant Davis**

Plaintiff named M. Davis as a Defendant in this action, but fails to make factual allegations against him.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760

F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention Defendant Davis in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Defendant Davis must be dismissed for failure to state a claim.

### B.     First Amendment - Access to the Courts

Plaintiff claims that Defendants Heyns and Burton violated his right of access to the courts by making him wait too long to get copies, to get his papers notarized and to mail his pleadings to the court. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal

claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff does not allege that he suffered any injury whatsoever as a result of the alleged delays in making legal copies, getting documents notarized and mailing pleadings to the court. Consequently, Plaintiff fails to state a claim.

### C. **First Amendment - Legal Mail**

Plaintiff alleges that Defendants Heyns and Burton "let" Deputy Shawn Young and the administration open his outgoing legal mail to Attorney Arlene Woods. (Compl., Page ID#10.) He further alleges that Defendants Heyns and Burton "*let* Deputy Shawn Young *have* the Mail Room Lady Doreen Tissue" keep the legal 44 pages of documents that Plaintiff intended to send to his attorney, Arlene Woods. (Compl., Page ID#14) (emphasis added.)

Young and Tissue are not Defendants in this action and Plaintiff fails to clearly allege how Defendants Heyns and Burton were actively involved in opening or withholding Plaintiff's mail. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69. Moreover, Defendants Heyns and Burton may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881,

888 (6th Cir. 2004).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns and Burton engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

### D. **Retaliation**

Plaintiff contends that Defendants Heyns and Burton "let" officers retaliate against him for filing lawsuits against them.  Plaintiff claims that the officers are "symmetrical and harmoniously acting a [sic] unjust way by still putting some hot substance on and in my store food and taking my store food at the same time." (Compl., Page ID #15.)  He also alleges that Defendants Heyns and Burton retaliated against him by "hav[ing]" Deputy Shawn Young and the accounting office take money out of his prisoner account so that Plaintiff cannot pay for his court costs and fees.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendants Heyns and Burton retaliated against him because of his law suits. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, as previously discussed, Defendants Heyns and Burton cannot be held liable for the unconstitutional conduct of their subordinates. *See Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495. Plaintiff, therefore, fails to state a claim for retaliation.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 20, 2014              /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge